O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| SARAH FINUCANE,<br><br>               Plaintiffs,<br><br>    v.<br><br>HOPE WINE, LLC; ONE HOPE, INC.; INSPERITY PEO SERVICES, LP; INSPERITY, INC.; and DOES 1 through 10, Inclusive,<br><br>               Defendants. | Case № 2:21-cv-04795-ODW (AGRx)<br><br>**ORDER GRANTING MOTION TO REMAND [12]** |

## I.    INTRODUCTION

Defendants Hope Wine, LLC, One Hope, Inc., Insperity PEO Services, LP, and Insperity, Inc. ("Defendants") removed this action from the Los Angeles County Superior Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal ("NOR") ¶ 1, ECF No. 1.) Now before the Court is Plaintiff Sarah Finucane's Motion to Remand for lack of subject matter jurisdiction. (*See* Mot. Remand ("Mot."), ECF No. 12.) For the reasons below, the Court **GRANTS** Finucane's Motion to Remand.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Hope Wine, LLC and OneHope, Inc. (collectively "OneHope") hired Plaintiff Sarah Finucane as a Director of Product and User Experience Design in July 2017. (Decl. of Sarah Finucane ("Finucane Decl.") ¶ 3, ECF No. 12-3.) OneHope's principal place of business is in Santa Ana, California. (Decl. of Tom Leahy ISO NOR ("Leahy Decl. NOR") ¶¶ 5, 8, ECF No. 1-6.) Finucane resided in Los Angeles County at the time of hiring. (Finucane Decl. ¶ 2.)

Since 2010, Finucane has experienced significant health issues and she was diagnosed with thyroid cancer in 2014. (Decl. of Matthew W. Burris Ex. A ("Compl.") ¶¶ 15–16, ECF No. 1-2.) Finucane did not have any major health issues during her first two years working for OneHope. (*Id.* ¶ 17.) However, in the spring of 2019, she began to experience debilitating back pain and an MRI revealed a tumor near her spine. (*Id.* ¶ 18.) Over the summer, Finucane began seeking advice from doctors in Connecticut, where her parents live, because she wanted to be near her family while undergoing medical treatment. (*Id.* ¶ 20; Decl. of Erik Ober ISO Defs.' Opp'n ¶ 5, ECF No. 15-5; Finucane Decl. ¶ 6.) The parties dispute whether she received approval and support from supervisors to work remotely. (Finucane Decl. ¶ 6; Decl. of Tom Leahy ISO Defs.' Opp'n ("Leahy Decl. Opp'n") ¶¶ 5–7, ECF No. 15-4.) On October 15, 2019, Finucane filed a change of address form with OneHope; she moved into an Additional Dwelling Unit ("ADU") at her parents' residence in Connecticut three days later. (Leahy Decl. NOR ¶ 12, Ex. B.; Reply 1, ECF No. 16; Suppl. Decl. of Sarah Finucane ("Finucane Suppl. Decl.") ¶ 2, ECF No. 16-1.) On October 25, 2019, OneHope informed Finucane that they terminated her position, effective early November. (Finucane Decl. ¶ 8.) Finucane asked her supervisors by email to remain with the company in the months that followed. (*Id.* ¶ 9.) She has since applied to at least eight other jobs based in California. (*Id.* ¶ 10.)

On April 14, 2021, Finucane filed her complaint in Los Angeles County Superior Court asserting nine state law claims under the California Fair Employment

and Housing Act. (Compl. ¶¶ 26–97.) Defendants removed the action to this Court based on alleged diversity jurisdiction. (*See* NOR.) It is undisputed that OneHope and Hope Wine, LLC are both citizens of California. (*Id.* ¶¶ 19–25.) Defendants assert that Finucane is a citizen of Connecticut, whereas Finucane contends her domicile remains in California. (*Id.* ¶¶ 12–18; Mot. 1.) Finucane now moves to remand, arguing that Defendants have not established complete diversity of citizenship for diversity jurisdiction. (*See* Mot.) Finucane also requests attorneys' fees and costs incurred from the removal of her action. (*Id*. at 15–16.)

### III.   LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and by Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where the action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction, with the court resolving any doubts against removal. *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### IV.   DISCUSSION

The Court first addresses the issue of remand before turning to Finucane's request for attorneys' fees and costs. For the following reasons, the Court finds that Defendants fail to establish complete diversity among the parties.

### A. Motion to Remand

Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1332. The parties do not dispute the requisite amount in controversy. Accordingly, this Motion turns on whether complete diversity exists, such that all plaintiffs are diverse in citizenship from all defendants. *See, e.g.*, *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Finucane argues removal is improper because she, like OneHope, is properly domiciled in California. OneHope contends that Finucane has transferred her domicile to Connecticut by residing there with her parents since October 2019.

Domicile is determined as of the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). "Domicile . . . requires both physical presence at a given location and an intent to remain there indefinitely." *Id*. at 752. The domicile analysis thus includes both an objective component and a subjective component, which may be established using objective factors. *See Gaudin v. Remis*, 379 F.3d 631, 637–38 (9th Cir. 2004). Tangible factors that reflect intent include "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750. "The place where a person lives is taken to be his domicile until facts adduced establish the contrary." *Anderson v. Watts*, 138 U.S. 694, 706 (1891).

Many of the *Lew* factors apply to Finucane in both Connecticut and California as of April 14, 2021, the date this suit was filed. The strongest fact suggesting a Connecticut domicile is that Finucane has resided in Connecticut since October 2019, one and a half years prior to commencing this action. Additional indicia that Finucane is domiciled in Connecticut include Finucane using a Connecticut driver's license

since at least 2002; registering an automobile in Connecticut in 2013; updating her contact information at work to her Connecticut address; and sharing a close personal connection with her family in Connecticut. (*See* Decl. of Matthew W. Burris ISO Defs.' Opp'n ¶¶ 5–6, ECF No. 15-1.)

On the other hand, Finucane has alleged facts weighing in favor of California citizenship. First, Finucane submits declaration evidence that she moved to Connecticut in 2019 only temporarily to receive medical treatment and always intended to return to California. (Finucane Suppl. Decl. ¶ 3.) That Finucane has lived in California on her own for nearly two decades, yet chose to reside in an ADU on her parents' property in Connecticut rather than find permanent housing or sign a lease, lends credence to her stated intent to return to California. Moreover, Finucane completed a similar temporary move to Connecticut in 2014, and she returned to California upon completion of medical treatment. (*Id*.) Her prior return indicates to the Court an intent and the ability to return to California again. Second, in addition to seeking reemployment with California-based OneHope after the termination of her position, Finucane has applied for work with least eight other California entities. Her search for full-time employment indicates an intent to continue building a career in California. Third, Finucane attests that the only car she currently owns, which she has used since at least 2017, is registered in California. (*Id*.) Her state of vehicle registration is another *Lew* factor weighing in favor of a California domicile. Finally, although Finucane has a Connecticut driver's license, she has maintained the license throughout her seventeen years working and residing full-time in California, including when she began working for OneHope. (*See* Leahy Decl. NOR ¶ 10.) Because she used the out-of-state license while domiciled in California, the Court cannot infer from the license an intent to remain in Connecticut indefinitely.

On balance, Defendants have failed to produce enough evidence to rebut the "presumption in favor of an established domicile as against a newly acquired one." *Lew*, 797 F.2d at 751. None of the evidence submitted by the parties indicates

5

long-term or permanent plans for Finucane to remain indefinitely in Connecticut. "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*, 319 F.3d at 1090.  Accordingly, because there are doubts as to Finucane's citizenship and Defendants have not carried their burden to resolve these doubts, Finucane's Motion to Remand is **GRANTED**.[2]

### B.   Attorneys' Fees and Costs

Finucane seeks an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c). (Mot. 15–16.)  She argues that Defendants acted in bad faith and sought to avoid the "forum defendant rule" of 28 U.S.C. § 1441(b)(2), which prohibits removal by in-state defendants properly joined and served, by removing this action prior to completion of service. (Mot. 2.)

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Generally, a district court may award attorneys' fees under § 1447 only when a defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*.  Given that Finucane moved to a new state prior to filing the complaint, the question of complete diversity was not objectively unreasonable.  Additionally, given that service had not yet been properly effectuated at the time Defendants removed, the Court finds their attempt to remove was also not objectively unreasonable under a literal reading of the statute. Thus, the Court **DENIES** Finucane's request for fees and costs.

### V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Finucane's Motion to Remand and **DENIES** her request for attorneys' fees and costs.  The Court **REMANDS** the action to the Superior Court of the State of California, Stanley Mosk

---

[2] As there is no diversity of citizenship, the Court need not reach the issue of whether Defendants' removal prior to complete and effective service contradicted the policies governing the "forum defendant rule" of 28 U.S.C. § 1441(b)(2). (*See* Mot. 9–15.)

Courthouse, 111 N. Hill St., Los Angeles, California, 90014, Case No. 21STCV14242. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

August 30, 2021

                                                     **OTIS D. WRIGHT, II**
                                     **UNITED STATES DISTRICT JUDGE**